DA 06-0640

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 283N

LARRY G. SCHUSTER,

       Plaintiff and Appellant,

  v.

JOE SEIPEL, JEAN SEIPEL
and PEAC INTERESTS,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDV 01-710
                Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Larry G. Schuster, Attorney at Law, Great Falls, Montana

      For Appellees:

           Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  June 13, 2007

Decided:  November 6, 2007

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Larry G. Schuster (Schuster) appeals from an order of the Eighth Judicial District Court, Cascade County, granting partial summary judgment to Joe and Jean Seipel (Seipels) dismissing Seipels as individually named defendants in Schuster's breach of contract action. We affirm.

¶3 In 1993, Seipels formed PEAC Interests, Inc., (PEAC) for the purpose of assisting people with their property tax issues before the Montana Department of Revenue and the Tax Appeal Board. In PEAC's articles of incorporation, Joe Seipel (Joe) was listed as both registered agent and a member of PEAC's board of directors. Jean Seipel was also listed as a member of the board of directors. Also in 1993, Joe approached Schuster, a former attorney with the Montana Department of Revenue, about providing legal advice to PEAC in its representation of clients.

¶4 These discussions resulted in the two contracts at issue in this case. In one contract, PEAC agreed to pay Schuster a retainer plus an hourly fee to perform legal services for PEAC's clients before the county and state tax boards. The other contract set forth the payment terms for Schuster's legal fees in association with a statewide class action suit on behalf of PEAC's clients.

¶5 According to Schuster, Seipels breached both of these contracts. Specifically, Schuster claims Joe and PEAC owe him approximately $41,000 for legal services rendered in connection with two cases. According to the District Court order, by 1995 PEAC had disbanded because it was not making a profit.

¶6 Schuster commenced this action against Seipels and PEAC in April, 2002. Seipels moved for partial summary judgment, arguing that the corporate veil insulated them from any personal liability and, thus, that Schuster's action could be brought against PEAC, but not them individually. The District Court granted Seipels' motion on March 3, 2006. Pursuant to M. R. Civ. P. 54(b), the District Court also certified the order for immediate appeal. Following certification, Schuster appealed the court's order granting summary judgment to the Seipels.

¶7 This Court reviews a district court's grant of summary judgment *de novo*, applying the same criteria as the district court. *Watson v. Dundas*, 2006 MT 104, ¶ 16, 332 Mont. 164, ¶ 16, 136 P.3d 973, ¶ 16.

¶8 The District Court correctly concluded that in these circumstances the standard for piercing the corporate veil had not been met. In order to pierce the corporate veil there must be evidence that the defendants, in this case the Seipels, were the alter ego, the instrumentality, or an agent of the corporation. Second, there must also be evidence that the corporate entity was used as a subterfuge to defeat public convenience, justify a wrong, or perpetuate a fraud. *Drilcon, Inc. v. Roil Energy Corp., Inc.*, 230 Mont. 166, 176, 749 P.2d 1058, 1064 (1988). Both prongs must be satisfied in order for a court to allow the corporate veil to be pierced. *See Peschel Family Trust v. Colonna*, 2003 MT 216, ¶ 36, 317 Mont.

127, ¶ 36, 75 P.3d 793, ¶ 36. The District Court correctly determined that the record did not contain sufficient evidence to raise a material issue of fact concerning whether PEAC was the Seipels' alter ego. Likewise, the District Court also correctly determined that the record did not raise a material issue of fact concerning whether the Seipels had used PEAC to defeat public convenience, justify a wrong, or perpetuate a fraud.

¶9 It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law. Upon review of the record and the corresponding exhibits, we affirm the District Court's grant of partial summary judgment dismissing Seipels as individually named defendants in Schuster's breach of contract claim.

¶10 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS